

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,933-01

**EX PARTE BELVIN NORVELL, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-11-300742 IN THE 299TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to theft and was sentenced to two years' imprisonment.

Applicant contends that he is being improperly held pursuant to a parole revocation warrant, when he should have discharged his sentence in this case. Applicant was apparently arrested for new charges and posted bond for those charges. However, because of the parole revocation warrant, Applicant is not being released on bond. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the

appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin date, the date upon which Applicant was released to parole or mandatory supervision, and the dates of issuance and execution of any parole-revocation warrants. If Applicant is being held pursuant to a pre-revocation warrant, the affidavit should state whether Applicant has been afforded a preliminary hearing or a final revocation hearing, or whether he has waived the right to either or both hearings. The affidavit should state whether or not Applicant's parole or mandatory supervision has been revoked. If Applicant's parole or mandatory supervision has been revoked, the affidavit should state whether Applicant received credit for time spent on parole or mandatory supervision, and if not, why not.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. TEX. CODE CRIM. PROC. Art. 11.07 §3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is currently confined, and if so, when he was arrested and whether he is confined pursuant to a parole revocation warrant or on new charges. If Applicant is being held on a parole revocation warrant, the trial court shall make findings of fact as to when the warrant was issued and executed, and as to how long Applicant has been held pursuant to the revocation warrant. The trial court shall make findings as to whether Applicant has been afforded a preliminary hearing or a final revocation hearing, and if not, as to whether Applicant waived his right to either or both hearings. If

Applicant's parole or mandatory supervision has been revoked, the trial court shall make findings as to whether Applicant has received all the credit to which he is entitled on this sentence, and as to what the maximum discharge date is for this sentence. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014
Do not publish